1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN SCHAUPP,<br><br>         Defendant. | Case No. 1:23-cv-00755-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING SUMMARY REMAND OF ACTION AND DENIAL OF PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AS MOOT<br><br>(ECF Nos. 1, 2)<br><br>**FOURTEEN DAY DEADLINE** |

## I.

## INTRODUCTION

Defendant Carolyn Schaupp ("Defendant"), proceeding *pro se*, filed a "notice of removal and interlocutory appeal of state court action" regarding the Stanislaus County Superior Court case People of the State of California v. Carolyn Schaupp, No. CR-20-008761, on May 15, 2023, along with a request for judicial notice of various state court records. (ECF No. 1.) Defendant purports to remove the criminal action pursuant to 28 U.S.C. §§ 1455 and 1331. (Id. at 2.) Defendant did not submit a filing fee with her notice of removal but instead filed an application to proceed *in forma pauperis*. (ECF No. 2.) For the reasons discussed herein, the Court

1

1   recommends Plaintiff's IFP application be denied as moot and the matter be summarily remanded

2   to the State court.[1]

3                                                **II.**

4                            **REQUEST FOR JUDICIAL NOTICE**

5       **A.      Defendant's Requests**

6       Defendant seeks judicial notice of the following facts:

7              1.   **Writ of habeas Corpus in the District Court of Appeals,
                    F08165**

8

9              2.   Batzel v. Smith, 333 F.3d 1018 (9th Cir. 2003)

10             3.   **Denial of 425.16 Motion filed February 15, 2023, by refusing
                    to set hearing in case number CR20008761 within 30 days.** (See
                    Writ of certiorari filed herewith)

11

12             4.   **Refusal to issue ruling on Application for Default Judgment
                    in 425**.16 Motion filed February 15, 2023.   (Default Requested
                    March 15, 2023.)  (See writ of Certiorari filed herewith)

13

14             5.   **Lack of Summons in Case Number CR20008761 (See writ of
                    Certiorari Filed herewith)**

15             6.   **Lack of arraignment in Case Number CR2008761 (See writ
                    of Certiorari Filed herewith)**

16

17             7.   **Void Arrest Warrant issued 9/26/2022.    (See writ of
                    Certiorari Filed herewith)**

18             8.   **Lack of Faretta Waiver after 9/26/2023 (See writ of
                    Certiorari Filed herewith)**

19

20             9.   **California Assembly Bill 1675 (California Anti-Slapp
                    Project)**

21             10.  **SLAPP Special Motion Log, at https://www.courts.ca.gov/
                    cms/slapp.htm (2/15/2023)**

22

23             11.   ANTI-SLAPP filed 2/15/2023 in the Stanislaus County
                     Superior Court.

24             12.  Order on ANTI-SLAPP filed February 16, 2023, case number
                    CR20008761.

25

26             13.  Request to enter default on ANTI-SLAPP CR2008761

27   _____

28   [1] See Flam v. Flam, 788 F.3d 1043 (9th Cir. 2015) (holding a remand order is beyond the power of a magistrate judge
     to issue and directing district court judge to either consider motion for remand in the first instance or request the
     magistrate judge prepare a report and recommendation regarding the remand motion).

                                              2

1    14.  Affidavit of Carolyn Schaupp

2    (ECF No. 3 at 2–3) (emphasis in original).

3    **B.      Discussion**

4    Courts may take judicial notice of "adjudicative facts" and other facts not subject to

5    reasonable dispute and either "generally known" in the community or "capable of accurate and

6    ready determination by reference to sources whose accuracy cannot be reasonably questioned."

7    Fed. R. Evid. 201(b).

8    The Court may judicially notice "proceedings in other courts, both within and without the

9    federal judicial system, if those proceedings have a direct relation to matters at issue."  Bias v.

10   Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation omitted); Bennett v.

11   Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) (same); see also Lee v. City of L.A., 250

12   F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of undisputed matters of public

13   record).  Thus, the Court may judicially notice the Ninth Circuit case, Batzel v. Smith, cited by

14   Defendant (Request 2, ECF No. 3 at 27–67); and any actual filings by Defendant in her

15   referenced cases or orders relating thereto.  For example, the Court may judicially notice the

16   minute order issued in Viss v. Schaupp, Case No. FL-22-001489, its finding that no case titled

17   "Stanislaus County Public Defender v. Carolyn Hope Schaupp" exists in the Superior Court for

18   Stanislaus County, and the fact that the court struck Defendant's "Notice of Motion and Special

19   Motion to Strike" as defective in that case (ECF No. 3 at 133), as well as the court's order in

20   People v. Schaupp, Case No. CR-20-008761 (Request 12, ECF No. 3 at 135–37), which also

21   discusses Defendant's "Notice of Motion and Special Motion to Strike," referring to it as

22   "Defendant's Purported Anti-SLAPP Motion."    Bias, 508 F.3d at 1225.    To the extent

23   Defendant's Requests 3 and 4 also relate to the aforementioned findings in these orders, they are

24   granted.  Id.

25   The Court may also judicially notice California Assembly Bill 1675 (Request 9, ECF No.

26   3 at 69–72), as a public record that is not subject to reasonable dispute and "capable of accurate

27   and ready determination by reference to sources whose accuracy cannot be reasonably

28   questioned."  Lee, 250 F.3d at 689; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741,

746 (9th Cir. 2006) (The court "may take judicial notice of ... matters of public record."); see also Chaker v. Crogan, 428 F.3d 1215, 1223 n.8 (9th Cir. 2005) (taking judicial notice of legislative history).

The Court may also judicially notice information displayed on government websites where neither party disputes the accuracy of the information contained therein. Daniels-Hall v. Nat'l. Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010). Accordingly, the Court may judicially notice the entries listed on the SLAPP special motion log, at the website indicated by Defendant (Request 10, ECF No. 3 at 74–77).

However, while the Court may judicially notice the fact that certain documents were filed in Defendant's various cases or certain orders were issued, the Court may not accept as true arguments asserted within the filings, or legal conclusions about those filings. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1000 (9th Cir. 2018) (it is improper to judicially notice a transcript when the substance of the transcript "is subject to varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes.") (citation omitted). For this reason, the Court may judicially notice the fact that Defendant's "notice of motion and special motion to strike, pursuant to C.C.P. § 425.16 (see ECF No. 3 at 79–132 (presumably related to Requests 3, 4, and 11)) was filed as a "filed on demand" filing with the Superior Court for the County of Stanislaus on February 15, 2023, but it cannot judicially note as true the facts and arguments asserted by Defendant in her motion. Khoja, 899 F.3d at 1000. The same applies to Defendant's affidavit (Request 14, ECF No. 3 at 125–30). Similarly, the Court cannot judicially notice certain orders filed in cases to be "void" merely because Defendant characterizes them as such in her court filing and caption (see ECF No. 3 at 79). Khoja, 899 F.3d at 1000. Thus, Defendant's Requests 5, 6, 7, and 8 must be denied.

The Court also declines to take judicial notice of Defendant's "petition for writ of prohibition/mandate/habeas corpus" (Request 1, ECF No. 3 at 6–25), and her "Motion to Dismiss/Request to Enter Default C.C.P. in Anti-SLAPP Filed February 15, 2023" (Request 13, ECF No. 3 at 141–96), as they are unsigned, unverified documents with no indicia of being filed with any court, and containing legal arguments and facts subject to dispute.

Finally, the Court may judicially note Defendant filed an affidavit in Case No. CR-2008761 on April 25, 2023 (Request 14, ECF No. 3 at 198–208), but it cannot judicially notice the facts contained therein, which may be subject to dispute.  Khoja, 899 F.3d at 1000.

**C.    Conclusion**

In sum, with respect to the documents attached to her request for judicial notice and based on the foregoing, the Court grants Defendant's request for judicial notice as to Requests 2, 9, 10, and 12, and the fact that the documents identified in Requests 3, 4, 11, and 14 were filed in the Superior Court of Stanislaus County, but declines to judicially notice the truth of the matter asserted within Defendant's filings with respect to those requests.  All other requests are denied.

**II.**

**NOTICE OF REMOVAL**

Defendant purports to remove this action pursuant to 28 U.S.C. §§ 1455 and 1331.  (ECF No. 1 at 2.)  However, she also appears to argue the matter is brought before this Court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1443 (civil actions), 28 U.S.C. § 1914,[2] and 28 U.S.C. § 1441 (removal of civil actions).  (See ECF No. 1 at 2–5.)

As an initial matter, the Court notes §§ 1331, 1332, and 1441 are not applicable here, where Defendant purports to remove a criminal action, because these sections pertain to the removal of civil actions.  See 28 U.S.C. § 1441 (discussing removal of civil actions); 28 U.S.C. § 1331 (providing federal question jurisdiction in civil actions); 28 U.S.C. § 1332(a) (providing for diversity jurisdiction in civil actions).

**A.    28 U.S.C. § 1455**

Turning to the applicable statutes, 28 U.S.C. § 1455 provides the following procedures for removal of criminal prosecutions:

> **(a) Notice of removal.**—A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal,

---

[2] 28 U.S.C. § 1914 concerns the payment of filing fees and therefore relates to Defendant's motion to proceed *in forma pauperis*; as such, it shall be addressed in the next section of this order.

5

1

2

together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

3

4

5

**(b)  Requirements.—(1)**  A  notice  of  removal  of  a  criminal prosecution  shall  be  filed  not  later  than  30  days  after  the arraignment  in  the  State  court,  or  at  any  time  before  trials, whichever  is  earlier,  except  that  for  good  cause  shown  the  United States  district  court  may  enter  an  order  granting  the  defendant  or defendants leave to file the notice at a later time.

6

7

8

**(2)**  A  notice  of  removal  of  a  criminal  prosecution  shall  include  all grounds  for  such  removal  …  For  good  cause  shown,  the  United States  district  court  may  grant  relief  from  the  limitations  of  this paragraph.

9

…

10

11

12

**(4)**  The  United  States  district  court  in  which  such  notice  is  filed shall  examine  the  notice  promptly.   If  it  clearly  appears  on  the  face of  the  notice  and  any  exhibits  annexed  thereto  that  removal  should not  be  permitted,  the  court  shall  make  an  order  for  summary remand.

13

28 U.S.C. § 1455 (emphasis in original).

14

15

16

17

18

19

20

21

22

23

24

25

Somewhat confusingly, Defendant's filing is titled "notice of removal and interlocutory appeal of state court action to United States District Court" (ECF No. 1 at 1–11); however, within the same filing, Defendant also includes a separately-captioned document titled "petition for writ of certiorari" (id. at 12–21), in which Defendant indicates she is petitioning the Court for a writ of certiorari before judgment (in the State case) to review a decision of the California Superior Court for the County of Stanislaus.  More specifically, this second document requests a writ to issue from this Court ordering the Superior Court of Stanislaus County to produce certain records to Defendant from her State court casefile, which Defendant indicates were "fraudulent[ly] conceal[ed]" and not provided to her.  (See id. at 13.)  Defendant appears to assert removal is proper because the Court has jurisdiction over "this civil action" based on federal question jurisdiction.[3]    (Id. at 2–3.)   Defendant indicates the Court should relate several cases— FL22001489, PR20000740, FL20001695, 23STPB03148, and 22CCADO1060—to the instant

26

27

28

_____

[3] Regardless of Defendant's attempt to categorize Case No. CR-20008761 as a civil matter, the court filings attached to her request for judicial notice, the case number itself, and Defendant's own acknowledgement demonstrate that the case is a criminal matter.  Defendant's attempt to apply to her criminal case statutes which expressly only govern civil matters is therefore unavailing.

1    criminal matter because they were filed all over California by Monica Izzo Viss and Simon Viss

2    based on similar allegations, even though Defendant's anti-SLAPP motions were denied in each

3    of these cases.  (Id. at 2.)  Defendant asserts this Court has jurisdiction over her State case (and

4    the related case/s) because the denial of her anti-SLAPP motion is reviewable by this Court

5    pursuant to the collateral order doctrine and the Erie doctrine.  (Id.)  Defendant also asserts this

6    Court has jurisdiction over her State criminal case based on questions of law related to the

7    Rehabilitation Act and Civil Rights Act.  (Id. at 2–3.)

8        The Court is unpersuaded that Defendant's State case is properly removed pursuant to §

9    1455.  The aforementioned facts do not constitute a "short and plain statement of the grounds for

10   removal," as required under 28 U.S.C. § 1455(a).  Consequently, it is not entirely clear what

11   Defendant's proffered basis for removal is.  For example, at one point in the notice of removal, it

12   appears Defendant asserts she filed an anti-SLAPP motion in another case, FL-22-001489, which

13   was purportedly wrongfully denied (see ECF No. 3 at 133), and the current criminal case, CR-20-

14   008761, is removed based on that denial because it is a related SLAPP case.  (See ECF No. 1 at

15   2.)  At another point in the notice of removal, Defendant appears to assert the removal is

16   predicated on a purported "deprivation of hearings and a fair trial, deprivation of witnesses and

17   evidence and discovery, abuse of discovery, prosecutorial witness tampering, prosecutorial

18   evidence tampering, judicial misconduct and retaliation, and more" during her criminal

19   proceedings, as well as violations of due process and equal protection rights.  (Id. at 3, 4.)  In any

20   event, statements that this Court has jurisdiction over the criminal matter due to federal question

21   jurisdiction, diversity jurisdiction, and other statutes are conclusory; moreover, Defendant's

22   reliance on civil statutes that are inapplicable to the instant criminal matter is unavailing.

23       Further, Defendant's reference to cases other than the criminal matter, CR-20-008761, is

24   unavailing, as there is no indication that these cases have been consolidated, much less related to

25   the instant matter, and are therefore not presently before this Court.  In fact, it is not entirely clear

26   under what statutes Defendant is being charged in her criminal case because, as noted below,

27   Defendant does not attach copies of the pleadings from her criminal case to the instant removal

28   notice and she does not identify the underlying criminal charges in her notice of removal.  As best

as the Court can ascertain from the documents attached to the request for judicial notice, however, it appears Defendant was charged with violations of California Vehicle Code § 23152(a) (driving under the influence) and California Penal Code § 273a(a) (willfully permitting a child under her care or custody to be "placed in a situation where his or her person or health is endangered" "under circumstances or conditions likely to produce great bodily harm or death"), regarding an incident occurring on July 11, 2020.  (See ECF No. 3 at 11.)

Defendant also fails to attach copies of "all process, pleadings, and orders" served upon her in the at-issue criminal case, in compliance with 28 U.S.C. § 1455(a).  Defendant argues these filings were never served on her.  But the Court finds this argument unavailing.  The one order from Defendant's criminal case which she does submit (see ECF No. 3 at 135–37) indicates Defendant is represented by court-appointed counsel in her criminal matter, and therefore has access to her casefile through her attorney.[4]  Specially, the criminal court notes in its February 16, 2023 order in case CR-20-008761, "Ms. Schaupp is represented by counsel…."  (Id. at 135.)

Nor is the Court persuaded that Defendant's removal is timely under the statute.  Section 1455 requires removal of a criminal matter before the earlier of either: 30 days after the arraignment, or before trial.  28 U.S.C. § 1455(b)(1).  Here, however, some of Defendant's statements suggest that her criminal matter has been finally adjudicated (see ECF No. 3 at 201 (affidavit discussing the "trial phase" of Defendant's criminal case); see also id. at 6–25 (document created by Defendant that appears to be intended as a writ of habeas corpus, relating to criminal case)), though this is also unclear, as Defendant does not attach copies of "all process, pleadings, and orders," 28 U.S.C. § 1455(a), served upon her in the at-issue criminal case.  The order from case CR-20-008761 indicates, as of February 16, 2023, the criminal matter was set for further proceedings regarding a pending determination of competency pursuant to Cal. Penal Code § 1368.  (ECF No. 3 at 135.)  Further, the February 16, 2023 order was issued at least 40 days after Defendant's prior court date.  (See id. at 136.)  On this record, the Court does not find

---

[4] The fact that Defendant is represented by counsel in her criminal case also suggests that her attempt to file the instant removal notice, *pro se*, is inappropriate absent any indication that Defendant is no longer represented by her criminal case court-appointed attorney.  (See also id. at 135 (court order indicating any *pro se* filing submitted by Defendant to the state court would not be deemed filed, but would instead be automatically forwarded to her attorney for further consideration on how to proceed).)

good cause exists to grant Defendant leave to file the notice of removal at a later time than that provided in the statute.  28 U.S.C. § 1455(b)(1).

At bottom, Defendant's notice of removal fails to satisfy the procedural or substantive requirements of 28 U.S.C. § 1455, and the Court does not discern any good cause to relieve Defendant of these requirements.  Accordingly, the case must be summarily remanded.  28 U.S.C. § 1455(b)(4).

**B.    28 U.S.C. § 1443**

The Court also considers Defendant's notice of removal pursuant to 28 U.S.C. § 1443. Section 1443 permits removal of "civil actions or criminal prosecutions" by a defendant based on allegations that state proceedings would violate certain federally-protected rights.  Specifically, this provision allows for removal, by a defendant, of a criminal case from state court to federal court in two circumstances:

> (1) [the defendant] is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]
>
> (2) [the prosecution is] for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

As previously noted, Defendant appears to assert the removal is predicated on a purported "deprivation of hearings and a fair trial, deprivation of witnesses and evidence and discovery, abuse of discovery, prosecutorial witness tampering, prosecutorial evidence tampering, judicial misconduct and retaliation, and more" during her criminal proceedings, as well as violations of due process and equal protection rights.  (ECF No. 1 at 3, 4.)  However, these assertions are all conclusory and no supporting facts are provided.  It is, therefore, entirely unclear to this Court what wrongful conduct Defendant is claiming with respect to her criminal case.  At most, based on the various random court documents included in Defendant's request for judicial notice, the Court can discern the following procedural status of Defendant's underlying case/s:

In an order of the court in the matter of <u>Viss v. Schaupp</u>, Case No. FL-22-001489, the

1  state court notes Defendant filed an "ex parte application" for a domestic violence restraining

2  order, in which Defendant named "plaintiffs" who are not parties to that case.  (ECF No. 3 at

3  133.)  More specifically, the filing refers to that case as "Stanislaus County Public Defender, et al.

4  v. Carolyn Hope Schaupp"; the court noted no such case exists at the Stanislaus Superior Court

5  and Defendant may not unilaterally create it through her pleading captions.  (<u>Id.</u>)  Accordingly,

6  the court rejected Defendant's ex parte filing because she did not seek and obtain leave to add

7  such nonparties to the action.  (<u>Id.</u>)  In the same order, the court notes Defendant filed a "Notice

8  of Motion and Special Motion to Strike" bearing the same defects and struck that filing as well.

9  (<u>Id.</u>)  Having struck the improper filings, the state court further noted no hearings on those

10  motions would be set, nor would any further ruling on those matters be issued.  (<u>Id.</u>)

11        In the underlying criminal action that Defendant purports to remove, Case No. CR-20-

12  008761, the state court issued an order on February 16, 2023, addressing Defendant's purported

13  anti-SLAPP motion.  (<u>Id.</u> at 135.)  In this order, the state court noted Defendant failed to timely

14  appear for a hearing to determine competency pursuant to California Penal Code § 1368, and that

15  it had discovered the reason for Defendant's absence was that she was at the clerk's office at that

16  time, attempting to file an "Ex Parte Motion to File Anti-SLAPP Hearing" and a "Special Motion

17  to Strike Pursuant to PC 425.16."  (<u>Id.</u>)  The court noted Defendant "has on more than one

18  occasion disrupted and delayed the orderly process of court by going to the Clerk's office and

19  filing documents during times when her matter was scheduled for court."  (<u>Id.</u> at 136.)  The state

20  court further noted that, because Defendant is represented by counsel, her attempts to file

21  documents *pro se* were improper; accordingly, the court indicated that, rather than accept further

22  pleadings from Defendant, it would forward the documents to her attorney, who may then

23  determine how to proceed.  (<u>Id.</u> at 135.)  In addition, the court noted it had considered the

24  propriety of an anti-SLAPP motion and would consider and rule on any such motion if it were

25  brought forward by counsel.  (<u>Id.</u> at 136.)  Finally, the state court noted that if Defendant

26  "chooses to absent herself from court proceedings, the Court will consider forfeiting the bond in

27  the case and issue a warrant for her arrest, unless the circumstances and good cause exists to do

28  otherwise."  (<u>Id.</u> at 137.)

1   This Court surmises Defendant's instant notice of removal, which she has indicated is

2   predicated on the denial of her anti-SLAPP motion (ECF No. 1 at 2), is based on the same

3   purported anti-SLAPP motions rejected by the state court as improperly filed by Defendant

4   without knowledge of her counsel, and as pertaining to nonparties and a case which does not

5   exist.  In light of the aforementioned state court orders, this Court cannot conclude Defendant has

6   presented any viable legal basis for removal at this time.

7   In sum, because Defendant's notice fails to state a legally cognizable basis for removal of

8   the state criminal prosecution, and because granting leave to amend would be futile given that a

9   proper basis could not be stated on amendment of the present set of allegations, the Court finds

10   the notice of removal should be summarily dismissed and this action should be remanded to the

11   Superior Court of Stanislaus County.

12   **III.**

13   **APPLICATION TO PROCEED IN FORMA PAUPERIS**

14   28 U.S.C. § 1914 concerns the payment of filing fees and therefore relates to Defendant's

15   motion to proceed *in forma pauperis*.  Section 1914 provides, "[t]he clerk of each district court

16   shall require the parties instituting any civil action, suit or proceeding in such court, whether by

17   original process, removal or otherwise, to pay a filing fee of $350, except that on application for a

18   writ of habeas corpus the filing fee shall be $5."  28 U.S.C. § 1914(a).  Because this statute only

19   contemplates the requirement of a filing fee in civil actions and does not address criminal actions,

20   numerous federal district courts have determined the filing fee requirement is applicable only to

21   civil and not criminal actions.  See, e.g., Martin v. Juridicary, 3rd Cir., No. CV 22-00506 LEK-

22   WRP, 2022 WL 18586942, at *1 (D. Haw. Dec. 12, 2022), report and recommendation adopted

23   sub nom. Martin v. Hawaii Judiciary, 3rd Cir., 2023 WL 143332 (D. Haw. Jan. 10, 2023), appeal

24   dismissed sub nom. Martin v. Hawaii Judiciary, No. 23-15211, 2023 WL 3480916 (9th Cir. Apr.

25   20, 2023) (noting the Ninth Circuit has not addressed this issue, but the Fifth Circuit has held

26   there is no filing fee to remove a state criminal case to federal court because 28 U.S.C. § 1914(a)

27   only requires filing fees for civil actions) (collecting cases).

28   Consistent with these persuasive legal authorities, the Court finds Plaintiff is not required

1    to pay the civil case filing fee in connection with her removal of the instant State criminal action.

2    Accordingly, Defendant's application to proceed *in forma pauperis* in this matter (ECF No. 2)

3    should be denied as moot.

4                                                      **IV.**

5                                    **ORDER AND RECOMMENDATIONS**

6            Based on the foregoing, IT IS HEREBY ORDERED that the Clerk of the Court shall

7    randomly assign a District Judge to this action.

8            Furthermore, IT IS HEREBY RECOMMENDED that:

9        1.      Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be DENIED as

10                moot;

11       2.      This action be SUMMARILY DISMISSED and REMANDED to the Superior

12                Court for Stanislaus County; and

13       3.      The Clerk of the Court be directed to CLOSE this case.

14           These findings and recommendations are submitted to the district judge assigned to this

15   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen**

16   **(14) days** of issuance of this recommendation, Plaintiff may file written objections to the findings

17   and recommendations with the Court.  Such a document should be captioned "Objections to

18   Magistrate Judge's Findings and Recommendations."

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                                        12

1        The district judge will review the magistrate judge's findings and recommendations

2   pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the

3   specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834,

4   839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5

6   IT IS SO ORDERED.

7   Dated:   **June 9, 2023**                      _____

8                                                  UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28